IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEANETTE IRBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10 CV 03832 |
| | ) | |
| BOARD OF EDUCATION OF THE | ) | Judge Joan H. Lefkow |
| CITY OF CHICAGO | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Jeanette Irby filed suit against the Board of Education of the City of Chicago ("the Board"), alleging discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*[1] Before the court is the Board's motion to dismiss the claims stated in Paragraph 29 of Irby's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Board's motion [#102] is granted in part and denied in part.

**BACKGROUND**

The following facts are alleged in Irby's First Amended Complaint and are presumed true for the purpose of resolving the pending motion. Irby, an African-American female, was employed by the Board as a substitute teacher from 1972-1973 and from 1976-1980. From 1985 to 2005, she was employed by the Board as a technology teacher at Richards Career Academy. In 2005, she was assigned to the School of Technology as a Computer Information Technology

---

[1] The court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) and 29 U.S.C. § 626(c). Venue is proper pursuant to 28 U.S.C. § 1391(b).

1

Teacher. At that time, Irby was 55 years old.

Between 2005 and 2010, Irby was a full-time employee, received full benefits, maintained the necessary qualifications for her position, and received no disciplinary action. In May 2007, Irby applied for a position as a Teacher Advancement Program ("TAP") Lead Teacher. In January 2008, Irby applied for a position as a Retake NBCT Mentor, and in July 2008 she applied for a position as a Classroom Observer Teacher. In September 2009, she applied to "Pathways to Leadership."[2] Irby submitted five additional applications for various leadership programs in 2009 and 2010.[3] The Board denied each of Irby's applications for promotions or open positions.

Similarly situated employees, all with less experience or authority and all under the age of 40, were awarded the positions to which Irby had applied. Irby was also subject to a pattern of age discrimination and harassment by employees and agents of the Board, including but not limited to exclusion from TAP planning and organizing meetings; being followed in the halls, including to the washroom and time clock; notification to her students that they could act in any manner they wished without repercussion; failure to investigate stolen or lost equipment from her classroom; and failure to clean and maintain her classroom to the standard of other classrooms. Irby was denied bonuses and stipends to which she was entitled, and received bonuses and stipends that were substantially less than those paid to other employees. This created an intimidating and hostile work environment for Irby, which negatively affected her work performance as well as her physical and mental health.

On October 31, 2008, Irby filed a charge of discrimination with the Illinois Department

---

[2] Irby does not explain whether Pathways to Leadership is a position or a leadership program.
[3] Irby does not name the leadership programs she applied to in 2009 and 2010.

2

of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"). The charge alleged, "I began my employment with Respondent in or around January 1985. My current position is Teacher. I applied for the Lead Teacher position with Teacher Advancement Program, and I have not been promoted. I believe that I have been discriminated against because of my age, 58 (DOB: 04/21/1950), in violation of the Age Discrimination in Employment Act of 1967, as amended." Amend. Compl., Ex. A. Irby subsequently applied for and received a leave of absence pursuant to the Family and Medical Leave Act ("FMLA"). She began her leave of absence on January 9, 2009. In light of her continued medical problems, Irby extended her leave of absence through June 12, 2009.[4]

On April 21, 2010, Irby was terminated from her employment with the Board. She received a notice of right to sue pursuant to her first EEOC charge on May 10, 2010. Irby filed her original complaint in these proceedings, *pro se*, on June 21, 2010. The court appointed counsel for Irby on September 9, 2010. *See* Dkt. #18.[5] On October 20, 2010, Irby filed a second charge of discrimination with the IDHR and EEOC. The charge states, in relevant part:

> During my employment, I was subjected to different terms and conditions of employment, including, but not limited to, being excluded from meetings, difference in assignments and being denied classroom materials. On April 21, 2010, I was constructively discharged.
>
> I believe I have been discriminated against because of my race, Black[,] and sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended. I further believe I have been discriminated against because of my age, 60, (d.o.b. April 21, 1950), and retaliated against for engaging in protected activity, in violation of the Age Discrimination in Employment Act of 1967, as amended.

Amend. Compl., Ex. B. Irby received her second notice of right to sue on November 9, 2010.

---

[4] Irby does not describe the medical problems that prompted her FMLA leave.
[5] Irby's first appointed counsel filed a motion for relief from appointment, which the court granted on September 28, 2010. Irby's present counsel was appointed the same day. *See* Dkt. #22.

She filed her First Amended Complaint, with the assistance of counsel, on January 4, 2011.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a motion to dismiss, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002). In order to survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of the claim's basis, but must also establish that the requested relief is plausible on its face. *Ashcroft* v. *Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The allegations in the complaint must be "enough to raise a right of relief above the speculative level." *Twombly*, 550 U.S. at 55. At the same time, the plaintiff need not plead legal theories. *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010). Rather, it is the facts that count.

## ANALYSIS

The Board argues that the claims asserted in Paragraph 29 of Irby's First Amended Complaint should be dismissed because they are either outside the scope of her EEOC charges or are time-barred. In Paragraph 29, subsections (a) through (f), Irby alleges that between 2007 and 2010, the Board discriminated against her in violation of the ADEA by failing to promote her (a) to the TAP Lead Teacher position, (b) to Retake NBCT Mentor, (d) to Classroom Observer Teacher, (e) to Pathways to Leadership, and (f) to five other unspecified leadership programs.[6]

---
[6] Paragraph 29 does not contain a subsection (c).

The Board asserts that subsections (b), (d), (e), and (f) of Paragraph 29 were not included in Irby's EEOC charges, are not reasonably related to the underlying EEOC charges, and could not reasonably have been expected to develop out of the EEOC's investigation of the charges. Additionally, the Board asserts that subsections (a) and (e) are time-barred.

I.  **Irby's claims regarding her applications for positions and promotions other than the TAP Lead Teacher application are outside the scope of her EEOC charges.**

A plaintiff may not bring a claim for discrimination under the ADEA in federal court without first filing a charge before the EEOC. *Ajayi* v. *Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003); *see also* 29 U.S.C. § 626(d). In turn, the claims alleged in the plaintiff's complaint must be "like or reasonably related to the EEOC charges" and "reasonably . . . expected to grow out of an EEOC investigation of the charge." *Peters* v. *Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002) (quoting *Harper* v. *Godfrey Co.*, 45 F.3d 143, 148 (7th Cir. 1995)); *Ajayi*, 336 F.3d at 527. Claims are deemed reasonably related if there is a factual relationship between them. *Cheek* v. *W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994). "This means that the EEOC charge and the complaint must, at a minimum, describe the *same conduct* and implicate the *same individuals*." *Id.* The purpose of this rule is to "afford[] the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion and [give] the employer some warning of the conduct about which the employee is aggrieved." *Id*.

The Board argues that Irby cannot assert claims for the Board's failure to promote her to Retake NBCT Mentor, Classroom Observer Teacher, and Pathways to Leadership or for its failure to accept her to five leadership programs because such claims are beyond the scope of her EEOC charges. Irby responds that the claims are "like" the allegations in her October 2008

EEOC charge because each involves a failure to promote and are "related to" the allegations in her October 2008 charge because an EEOC investigation would likely have shown that Irby was not hired for positions other than the TAP Lead Teacher position.

In *Geldon* v. *South Milwaukee School District*, 414 F.3d 817 (7th Cir. 2005), however, the Seventh Circuit considered and rejected arguments nearly identical to those articulated by Irby. Lu Ann Geldon, a building service helper, had applied for positions as an assistant painter/relief custodian and long-term substitute custodian in the South Milwaukee School District. *Id.* at 818. After she was denied hire to both positions, she filed an EEOC charge alleging sex discrimination. *Id.* The charge, however, only mentioned the School District's failure to promote her to the assistant painter/relief custodian position. *Id.* Geldon later filed suit in federal court, asserting claims related to the School District's failure to promote her to both the painter/relief custodian and long-term substitute custodian positions. *Id.* at 819. The Seventh Circuit concluded that Geldon's claim regarding the substitute custodian position was beyond the scope of her EEOC charge. 414 F.3d at 820. The court explained:

> Geldon filed her charge complaining solely about the assistant painter/relief custodian position, even though she had also recently been denied the substitute custodian job. As a result, someone looking at the charge who knew that she had also sought the substitute custodian position likely would have inferred that Geldon did not mention the substitute custodian position because she did not think the decision not to hire her for that position was motivated by her gender. Therefore, the EEOC and School District were not put on proper notice with respect to Geldon's complaint about the substitute custodian position, and the district court did not err.

*Id.*

As *Geldon* makes clear, the Board's alleged failure to promote Irby to TAP Lead Teacher, Retake NBCT Mentor, Classroom Observer Teacher, Pathways to Leadership, and other leadership programs were discrete discriminatory acts; each needed to be independently

6

articulated in Irby's October 2008 EEOC charge. *See also Nat'l R.R. Passenger Corp.* v. *Morgan*, 536 U.S. 101, 114, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002) (employment decisions such as termination, failure to promote, and refusal to hire are discrete actions that constitute separate actionable unlawful employment practices). The fact that Irby's EEOC charge and her First Amended Complaint both assert claims for failure to promote is not sufficient to demonstrate that there is a "reasonable relationship between the allegations in the charge and the claims in the complaint." *Jones* v. *Res-Care, Inc.*, 613 F.3d 665, 670 (7th Cir. 2010) (quoting *Vela* v. *Vill. of Sauk Vill.*, 218 F.3d 661, 664 (7th Cir. 2000)). Irby's October 2008 EEOC charge does not articulate claims relating to the five unspecified leadership programs, Pathways to Leadership, the Retake NBCT Mentor or the Classroom Observer Teacher positions; therefore, she failed to exhaust her administrative remedies with respect to those claims. *See Geldon*, 414 F.3d at 820; *Jones*, 613 F.3d at 670 (claim for failure to promote to Director of Supported Living position was beyond the scope of EEOC charges that alleged retaliation and failure to promote to Human Resources Director position); *McGoffney* v. *Vigo Cnty. Div. of Family & Children, Family & Social Servs. Admin.*, 389 F.3d 750, 752-53 (7th Cir. 2004) (claims for discrimination relating to six specific employment applications were not within the scope of EEOC charge that referred only to "positions" and "jobs" and could not have put the EEOC or employer on notice as to the specific job applications that were the subject of the claims).

Irby's claims for failure to promote to Pathways to Leadership in September 2009 and to five leadership programs in 2009 and 2010 are beyond the scope of her October 2008 EEOC charge for the additional reason that they occurred after the charge was filed. *See Conner* v. *Ill. Dept. of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005) ("non-promotion" that took place after the filing of an EEOC charge was "necessarily outside the scope of the charge"); *compare with*

7

*Malhotra* v. *Cotter & Co.*, 885 F.2d 1305, 1312 (7th Cir. 1989) (separate EEOC charge not required for claim alleging retaliation for filing of the first charge), *superseded on other grounds by statute*, *Rush* v. *McDonald's Corp.*, 966 F.2d 1104, 1119-20 (7th Cir. 1992). Irby, moreover, filed a second EEOC charge in October 2010, after the court had appointed counsel, and again failed to assert claims relating to the Board's failure to promote her to positions in 2009 and 2010. Irby's second EEOC charge merely alleges that the Board had "discriminated against [her] because of [her] age" and was not specific enough to put either the Board or the EEOC on notice as to the conduct that formed the basis for her age discrimination complaint. *See Rush*, 966 F.2d at 1111 ("[T]he requirement of some specificity is not a mere technicality. Some detail, beyond a statement that 'I believe I [h]ave been discriminated against because of my race, Black' is necessary to allow the agency to perform its statutory duty."). For the foregoing reasons, the Board's motion to dismiss Paragraph 29, subsections (b), (d), (e), and (f) will be granted.

## II. Irby's claim regarding the TAP Lead Teacher position is not time-barred.

Under the ADEA, a plaintiff must file her EEOC charge no more than 300 days from the date when the allegedly discriminatory conduct occurred. *Sauzek* v. *Exxon Coal USA, Inc.*, 202 F.3d 913, 920-21 (7th Cir. 2000); 29 U.S.C. §§ 626(d)(1)(B), 633(b). The Board argues that Irby's claim that the Board failed to promote her to the TAP Lead Teacher position is time-barred because her original *pro se* complaint alleges that "[t]he defendant discriminated against the plaintiff on or about, or beginning on or about . . . June 1, 2007." Because Irby's first EEOC charge was not filed until October 31, 2008, the Board asserts that Irby failed to file within the required 300-day statute of limitations.

It is well-settled that "[w]hen a party has amended a pleading, allegations and statements

in earlier pleadings are not considered judicial admissions." *188 LLC* v. *Trinity Indus., Inc.*, 300 F.3d 730, 736 (7th Cir. 2002). Therefore Irby's original complaint cannot be cited as a judicial admission that Irby was denied promotion to the TAP position on June 1, 2007.

The Board argues, in the alternative, that subsection (a) is time-barred because Irby's First Amended Complaint admits she applied for the TAP position in May 2007. The fact that Irby applied for the position outside of the 300-day limit is not sufficient to persuade this court that she was also denied the position outside of the 300-day limit. The Board's motion to dismiss Irby's claim in subsection (a) of Paragraph 29 will be denied.[7]

**CONCLUSION**

For the reasons set forth above, the Board's motion to dismiss [#104] is granted in part and denied in part. Subparts (b), (d), (e) and (f) of Paragraph 29 of Irby's First Amended Complaint are dismissed. The Board's motion to dismiss subpart (a) is denied. The Board has until May 3, 2011 to answer Irby's First Amended Complaint.

Dated: April 20, 2011         Enter: _____

JOAN HUMPHREY LEFKOW
United States District Judge

---

[7] The Board also argues that the claim alleged in subsection (e) is time-barred. Because the Board's motion to dismiss that claim as outside the scope of the EEOC charge has already been granted, the court will not address the Board's argument on this point.

9